IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DOUGLAS NICHOLAS,** *Plaintiff* | § § § | **CIVIL ACTION NO.** |
| **VS.** | § § § | |
| **HOME DEPOT U.S.A., INC.,** *Defendant* | § § § | **JURY TRIAL REQUESTED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW DOUGLAS NICHOLAS**, hereinafter referred to by name or as Plaintiff, and complains of **HOME DEPOT U.S.A., INC.,** hereinafter referred to by name or as Defendants, Defendant, and Defendant **HOME DEPOT U.S.A., INC.**'s. Plaintiff for cause of action would respectfully show unto the Court as follows:

**I.**
**PARTIES**

2. Plaintiff is an individual residing in Corpus Christi, Nueces County, Texas.

3. Defendant **HOME DEPOT U.S.A., INC.** is a for-profit foreign corporation, registered in Delaware, but authorized to do business in the State of Texas and may be served with process through its registered agent, Corp. Service Company, 211 East 7th St., Suite 620, Austin, Texas 78701. Upon information and belief, Home Depot U.S.A., Inc.'s principle place of business is not in the State of Texas.

**III.**
**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because the

suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds **SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00)**.

5.  Venue is proper in the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. § 1391 because all or a substantial part of the acts or omissions forming the basis of these claims occurred in The Southern District of Texas, notably in Corpus Christi, Texas. Furthermore, the court has personal jurisdiction over Defendant because the Defendant availed itself of the Southern District of Texas by operating one of its stores in Corpus Christi, Texas where the acts and omissions made the basis of this suit occurred.

## IV.
## FACTS

6.  On or about January 18, 2022, Plaintiff **DOUGLAS NICHOLAS** was a shopper at Defendant **HOME DEPOT U.S.A., INC.'S** establishment.  As such, Plaintiff was a business invitee to whom this Defendant owed a duty of care to protect from injury.  As Plaintiff was walking through the store he turned to his left on Aisle 14 leading to the fasteners when he was suddenly knocked to the floor backwards. Plaintiff was disoriented and reached up to his head where he had been struck to find blood pouring from a laceration to his scalp. Plaintiff was assisted by staff and other patrons who identified that he had walked into an emergency water terminal that is used in the event of a major fire.  He had 2 ½ long opening in the scalp that required stitched. The exposed pipe of the emergency water terminal struck Plaintiff violently resulting in the laceration as well as a concussion. The exposed pipe was above eye level but low enough to be exposed and cause harm to unsuspecting invitees to the business. The dangerous exposed water pipe was not conspicuous and was not covered nor identified with any warning of any type.

**7.** Defendant breached the duty of care owed to Plaintiff as a business invitee and were both negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions or activities on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

## V.
## NEGLIGENCE

**8.** On the occasion in question, the Defendant, including all applicable agents, servants, and employees, were guilty of negligence towards the Plaintiff when it breached its duty of due care to plaintiff in the following respects:

a. Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

b. Failing to warn invitees, including Plaintiff, as to the hazardous exposed water pipe;

c. Failing to make the exposed water pipe an obvious hazard by applying some form of warning sign or other cautionary material to the pipe to warn invitees of its existence;

d. Failing to place the emergency water pipe in a position that would not pose a risk to passing invitees in the store;

e. Allowing a dangerous condition to exist, so that Plaintiff would be injured;

f. Failing to provide for the safety of Plaintiff under the circumstances;

g. Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

h. Failing to warn invitees, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

i. Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

j. Failing to remove the dangerous condition or warn of its existence.

  k. Failing to remove and or replace a known dangerous condition

  l. Failing to remove and/or replace a dangerous condition

9. Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

10. The occurrence made the basis of this lawsuit and the resulting injuries and the damages were proximately caused by the negligence of Defendant.

## VI.
## PREMISES LIABILITY

11. On or about January 18, 2022, Defendant **HOME DEPOT U.S.A., INC.** was in possession and/or control of the premises, at its Corpus Christi store located at 5041 S. Padre Island Dr., Corpus Christi, Texas 78411 which forms the basis of this suit. On this day the plaintiff was an invitee on the premises, because he entered the Defendant **HOME DEPOT U.S.A., INC.** premises with Defendants' knowledge and for the economic benefit of Defendants. As such, Defendant **HOME DEPOT U.S.A., INC.** owed Plaintiff a duty of ordinary care to adequately warn him of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendant **HOME DEPOT U.S.A., INC.** knew or should have known that a dangerous condition existed in the store posing an unreasonable risk of harm to Plaintiff or others similarly situated. However, Defendants breached their duty of ordinary care to Plaintiff by failing to warn the Plaintiff of the condition, failing to eliminate the unsafe condition, failing to inspect the area for unsafe conditions, creating the dangerous condition itself through its own acts of negligence, and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law. Defendant knew or should have known of the dangerous

condition and that it could be "hid" from shoppers and therefore breached its duty to warn Plaintiff and others like him of the dangerous condition.

12. Defendant had a duty to ensure that their premises were kept in a safe manner. On the occasion in question, the Defendants were guilty of premises liability towards the Plaintiff in one or more of the following ways:

    a. Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendants' premises;

    b. Failing to inspect this area of the store to ensure that no dangerous conditions existed;

    c. Failing to eliminate the danger posed by the exposed pipe, such that it would not create a dangerous condition;

    d. Failing to provide on-premises employee(s) to warn and/or assist customers; and

    e. Failing to provide warning signs, tape, or barriers warning of the dangerous condition of the exposed pipe;

    f. Failing to train its employees on how to avoid creating a dangerous condition, through the improper use/maintenance of this gate;

## VII.
## PROXIMATE CAUSE

13. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitutes a direct and proximate cause of the injuries and damages set forth below.

14. Each of said acts and omissions, singularly and or in any combination with others, constitutes negligence which proximately caused the dangerous condition and caused Plaintiff's injuries and other loses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

## VIII.
## DAMAGES

___

15. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff suffered severe bodily injuries to his head. He suffered a scalp laceration requiring staples to heal as well as a grade 2 concussion resulting in debilitating headaches. The injuries have had a serious effect on the Plaintiff's health and well being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of these injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life. By reason of all of the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

16. As a further result of all of the above, Plaintiff **DOUGLAS NICHOLAS** has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

17. Plaintiff affirmatively pleads that he seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees. Plaintiff further seeks mitigated exemplary damages for Defendant's grossly negligent conduct, in an amount not less then three (3) times Plaintiff's actual damages and or in such an amount as may be allowed by law.

_____

18.     As a further result of the injuries sustained by Plaintiff **DOUGLAS NICHOLAS**, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

19.     As a consequence of the injuries sustained by **DOUGLAS NICHOLAS**, he has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life.

20.     Plaintiff further requests both prejudgment and post judgment interest on all his damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

22.     Plaintiff DOUGLAS NICHOLAS demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

    1. Pain and suffering in the past;
    2. Pain and suffering in the future;
    3. Mental anguish in the past;
    4. Mental anguish in the future;
    5. Past medical expenses;
    6. Future medical expenses;
    7. Physical impairment in the past;
    8. Physical impairment in the future;

9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages; and
15. Loss of future wage earning capacity.

Respectfully Submitted,

**WILLIAMS ATTORNEYS, PLLC**

By: /s/ *Justin L. Williams*
**JUSTIN L. WILLIAMS**
FBN:  331
SBN: 21555800
**SEAN WILLIAMS**
FBN:  3169926
SBN: 24103990
**RYAN WILLIAMS**
FBN:  3391820
SBN: 24103989
**NATHANIEL J. CLARK**
FBN:  3256570
SBN: 24103782
500 N. Water Street, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 885-0184
Facsimile: (361) 885.0309

Service Email: service@williamstrial.com
**ATTORNEYS FOR PLAINTIFF**

_____
___
PLAINTIFF'S ORIGINAL COMPLAINT                                                           PAGE  OF 8